UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dutch Lake Knoll Holdings, LLC,

      Appellant,

v.                                                                                    Civil No. 13-538 (JNE)
                                                                                      ORDER
Sunnybrook Homeowners
Association, Inc.

      Appellee.

Michael D. Howard, Ravich Meyer Kirkman McGrath Nauman & Tansey, appeared for Appellant Dutch Lake Knoll Holdings, LLC.

David G. Hellmuth, Carol R. M. Moss, Hellmuth & Johnson PLLC, appeared for Appellee Sunnybrook Homeowners Association, Inc.

      Debtor Dutch Lake commenced a Chapter 11 bankruptcy proceeding and moved for an order approving the sale of its property free and clear of interests under 11 U.S.C. § 363(f). Sunnybrook Homeowners Association objected, and the bankruptcy court denied Dutch Lake's motion on January 23, 2013 (hereinafter "January 23 order"). Dutch Lake appealed the January 23 order to this Court, and Sunnybrook moved to dismiss the appeal for lack of subject-matter jurisdiction. Subsequently, the bankruptcy court issued an order dismissing Dutch Lake's Chapter 11 bankruptcy "effective upon the entry by the District Court, District of Minnesota, of either an order affirming the bankruptcy court or an order dismissing the appeal." For the reasons stated below, the Court grants Sunnybrook's motion to dismiss Dutch Lake's appeal.

      Sunnybrook argues that this appeal should be dismissed because the January 23 order is interlocutory and the Court should not exercise its discretion to hear the appeal of an interlocutory order.

1

A district court has jurisdiction to hear appeals from final orders of the bankruptcy court and "with leave of the [district] court, from other interlocutory orders." 28 U.S.C. § 158(a)(1), (3). "To determine the finality of a bankruptcy court order we consider the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; [and] (3) the extent to which a later reversal on the contested issue would require recommencement of the entire proceeding." *In re M & S Grading, Inc.*, 526 F.3d 363, 368 (8th Cir. 2008) (quotation omitted). "Although this standard is more flexible than in nonbankruptcy contexts, an order entered before the conclusion of a bankruptcy case is not subject to review [as a final order] unless it finally resolves a discrete segment of the underlying proceeding." *Id.*

Although it is well established that an order approving the sale of property of the bankruptcy estate is final, *see, e.g.*, *In re Tullius*, 500 F. App'x 286, 289 n.7 (5th Cir. 2012) (unpublished); *In re Nashville Senior Living, LLC*, 407 B.R. 222, 225 (6th Cir. B.A.P. 2009); *In re Vlasek*, 325 F.3d 955, 961 (7th Cir. 2003), it is less clear whether an order denying approval of the sale of property is final, *see In re Sax*, 796 F.2d 994, 996 (7th Cir. 1986) (noting, without analysis, that orders approving or failing to approve the sale of a debtor's property are final); *Big Shanty Land Corp. v. Comer Props., Inc.*, 61 B.R. 272, 277 (N.D. Ga. 1985) (treating, without analysis, an order denying approval of sale of property as an interlocutory order).

The Court concludes that, in this instance, the January 23 order is interlocutory. The bankruptcy court's denial of Dutch Lake's motion to sell its property free and clear of interests did not leave the bankruptcy court with nothing to do but execute the order; rather, the denial of the sale motion left open other possibilities for Dutch Lake to pursue. Delay in obtaining review would not prevent Dutch Lake from obtaining effective relief. In fact, the bankruptcy court has

already dismissed Dutch Lake's bankruptcy case upon this Court's dismissal of the appeal; that dismissal order is final, and Dutch Lake could quickly appeal that order and the January 23 order. *See In re Gaines*, 932 F.2d 729, 732 (8th Cir. 1991) ("The debtors retain the right to seek review of the initial [interlocutory] order extending the time to file objections after the bankruptcy court has finally disposed of their petition. If the extension were improvidently granted . . . a reviewing court could reverse the order and vacate any subsequent actions taken pursuant to it."); *Ritchie Special Credit Invs., Ltd. v. U.S. Trustee*, 415 B.R. 391, 402 n.8 (D. Minn. 2009) ("As a general rule, earlier interlocutory orders merge into final orders for the purposes of appeal. . . . [T]he rationale can be reasonably extended to final orders in bankruptcy cases."). And Dutch Lake has made no argument that a later reversal would require recommencement of the entire proceedings.

Although parties who wish to challenge an interlocutory order must seek leave to appeal, a court may construe the notice of appeal as a motion for leave to appeal. *See* Fed. R. Bankr. P. 8003(c). Here, Dutch Lake did not move for leave to appeal the January 23 order, but it did file a notice of appeal. "The decision to deny leave to appeal an interlocutory bankruptcy order is purely discretionary." *M & S Grading*, 526 F.3d at 371. "In deciding whether to grant a motion for leave to appeal, we typically apply the standards found in 28 U.S.C. § 1292(b) which define the jurisdiction of courts of appeal to review interlocutory orders." *In re Mach., Inc.*, 275 B.R. 303, 306 (8th Cir. B.A.P. 2002). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." *Id.* (internal quotation marks omitted). This is not an exceptional case, and the Court declines to exercise its discretion to hear the appeal of the January 23 order.[1]

---

[1] Dutch Lake argues that this Court should dismiss Sunnybrook's motion on procedural grounds because Sunnybrook did not comply with LR 7.1(a)'s meet-and-confer requirement. Dutch Lake asserts that Sunnybrook's attorney left a message for Dutch Lake's attorney, and,

3

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Sunnybrook's Motion to Dismiss [Docket No. 5] is GRANTED.

2. The appeal is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 2, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

without actually speaking to Dutch Lake's attorney, filed the motion to dismiss two hours later. The Court declines to dismiss Sunnybrook's motion.